Case 4:22-cv-03831 Document 14 Filed on 08/21/23 in TXSD Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
August 21, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILTON STYNER, SR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-03831 |
| | § | |
| JOHN R. GAINES, individually and in his official capacity as Justice of the Municipal Court of Walker County, | § § § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant John R. Gaines' ("Defendant" or "Judge Gaines"), individually and in his official capacity as Justice of the Municipal Court of Walker County, Motion to Dismiss Plaintiff Milton Styner's ("Plaintiff" or "Styner") Complaint. (Doc. No. 8). Plaintiff filed a Response to Defendant's Motion to Dismiss (Doc. No. 9) and also filed an Amended Complaint. (Doc. No. 10).[1] Defendant subsequently filed a Motion to Dismiss Plaintiff's Amended Complaint. (Doc. No. 11). Plaintiff did not respond to Defendant's second motion to dismiss. After considering the motions and the law, the Court grants Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (Doc. No. 11).

### I. Background

This case is based on a Huntsville Municipal Court proceeding, over which Defendant presided. Plaintiff received a traffic citation for speeding and was served a notice to appear. The Plaintiff responded by filing a Special Appearance, challenging the municipal court's jurisdiction. Defendant denied Plaintiff's special appearance and motion challenging the municipal court's

---

[1] Given Plaintiff filed an Amended Complaint (Doc. No. 10), Defendant's first Motion to Dismiss (Doc. No. 8) is denied as moot.

subject matter jurisdiction over Plaintiff's traffic ticket, and the case proceeded to trial by judge.[2] Judge Gaines ultimately found Plaintiff guilty of the offense of speeding.

Plaintiff subsequently brought this action against Defendant, contending Judge Gaines violated his constitutional rights. Judge Gaines argues that the Court lacks subject matter jurisdiction. Additionally, he argues that Styner failed to state a claim under Rule 12(b)(6).[3]

## II. Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Handy v. United Airlines, Inc.*, CV H-20-3751, 2021 639995, at *2 (S.D. Tex. Feb. 18, 2021) (quoting *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014)). When the Court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See id.; Alabama-Coushatta Tribe of Tex. v. U.S.*, 757 F.3d 484, 487 (5th Cir. 2014). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *See Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). "[U]nder Rule 12(b)(1), the court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012) (quoting *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2007)).

---

[2] Plaintiff waived his right to a jury trial.
[3] As explained below, the Court lacks subject matter jurisdiction over this case. For that reason, the Court will not address Defendant's Rule 12(b)(6) argument.

### III. Discussion

Plaintiff requests that this Court redress Defendant's ruling. Specifically, Plaintiff seeks injunctive and declaratory relief against Defendant. (Doc. No. 10 at 5). Defendant presents two reasons why the Court does not have subject matter jurisdiction over the case. First, he argues the *Rooker-Feldman* Doctrine bars Plaintiff's action. Second, he contends the Court lacks subject matter jurisdiction because Judge Gaines is entitled to absolute judicial immunity. The Court will address each argument, starting with the *Rooker-Feldman* Doctrine argument.

#### A. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* Doctrine can be raised by a Rule 12(b)(1) motion. If the doctrine applies, it precludes subject matter jurisdiction. *Smith v. Tex. Dep't of Child Protective Servs.*, 2019 U.S. Dist. LEXIS 127738, at *11 (S.D. Tex. Jully 11, 2019). Reduced to its essence, the *Rooker-Feldman* Doctrine provides that inferior federal courts do not have the power to reverse or modify a state court's judgment except when authorized by Congress. *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013). The doctrine applies when four elements are met: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017).

Plaintiff's pleading establishes each of the above-required elements. Plaintiff was a respondent in a municipal court case over which Defendant presided. In the municipal court case, that occurred before Plaintiff brought his action in this Court, Judge Gaines denied Plaintiff's Special Appearance and proceeded with trial. (Doc. No. 10 at 4). Plaintiff was found guilty at trial. Styner alleges that he was harmed by the underlying judgment in that it violated his constitutional rights. (Doc. No. 10 at 5). Additionally, he is requesting that this Court review and reverse the

municipal court judgment by issuing injunctive and declaratory relief and by composing a letter to the parties in the previous case addressing the mistakes and wrongfulness that the alleged misjudgment may cause. (Doc. No. 10 at 5).

Stripped to essentials, Plaintiff's request for injunctive relief and declaratory relief is an attack on the judgment of the municipal court. All other claims for relief, including his Section 1983 suit, are inextricably intertwined with that judgment.[4] *Liedtke v. State Bar of Texas*, 18 F.3d 315 (5th Cir. 1994) (holding that the court did not have jurisdiction where the plaintiff's "request for declaratory and injunctive relief, stripped to essentials, is an attack on the judgment of the state district court. His section 1983 suit, that arises from the state proceeding, is 'inextricably intertwined' with that judgment.").

Accordingly, the Court does not have subject matter jurisdiction over Plaintiff's case. The Court grants Defendant's Motion to Dismiss.

## B. Judicial Immunity

A judge's actions are protected by absolute judicial immunity. Judicial immunity does not apply when the action is "not taken in the judge's judicial capacity," or (2) the actions are "taken in the complete absence of all jurisdiction." *Mireles v. Waco,* 502 U.S. 9, 11-12 (1992). The Court will address both judicial immunity tests.

### 1. Whether the Actions were Taken in the Judge's Judicial Capacity.

The Fifth Circuit relies on four factors in determining whether an act is "judicial." The four factors, known as the *McAlester* factors include "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending

---

[4] Plaintiff requests the Court issue "a letter to the parties in the previous case addressing the mistakes and wrongfulness hat misjudgment may cause." (Doc. No. 10 at 5).

4

before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir.1972). Courts broadly construe the four factors in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985).

With the above considerations in mind, we turn to the underlying facts as alleged. First, ruling on a Special Appearance is an act normally performed by a judge. Second, Styner does not allege that the acts were performed in inappropriate places; his motion was denied in a courtroom. Third, the controversy arose from a traffic violation case pending before the municipal court. Lastly, as the far as the Court can tell from the Amended Complaint, all of the acts arose when Styner appeared before the municipal court. Thus, those acts were performed by Judge Gaines in his official capacity.

While Plaintiff may classify the Defendant's actions as outside his judicial role, all the actions he complains of occurred in connection with the traffic citation proceeding in municipal court. For example, Plaintiff contends that Judge Gaines "did not follow statutory procedure" (Doc. No. 10 at 2), did not entertain his motion challenging jurisdiction (Doc. No. 10 at 1), and "mocked and ridiculed" Plaintiff (Doc. No. 10 at 1). All of the complained of conduct allegedly occurred in connection with Plaintiff's traffic citation proceeding. Plaintiff does not allege that he had any interaction with Defendant outside of his case. Therefore, any of Defendant's actions would have been taken in the judges' judicial capacity, and judicial immunity would apply to bar the claims.

As such, all four factors indicate that the complained of acts were "judicial acts" for immunity purposes. The first element for judicial immunity is satisfied.

5

2. Whether the Action were Taken in the Complete Absence of Jurisdiction.

As mentioned, judicial immunity does not apply when "the actions are taken in the complete absence of all jurisdiction." *Mireles,* 502 U.S. at 11-12 (1992) (citations omitted). Judge Gaines had sufficient "jurisdiction" for judicial immunity purposes.

Plaintiff argues that Judge Gaines did not have jurisdiction to act. The reason why Plaintiff believes that the municipal court did not have jurisdiction, however, is a bit unclear. Presumably, Plaintiff bases his argument on the belief that his Special Appearance should have been granted. Nevertheless, Texas Government Code § 29.003, municipal courts have jurisdiction over traffic fines in Texas. Tex. Gov't Code Ann. § 29.003. An officer with the Huntsville Police Department pulled Styner over for speeding. A municipal court in the City of Huntsville has jurisdiction over such cases.

Since the municipal court is empowered with such jurisdiction, Judge Gaines did not take an action in the complete absence of jurisdiction. Moreover, a court has jurisdiction to rule on jurisdictional motions as it did here. Therefore, judicial immunity is proper under the second avenue as well.

## IV. Conclusion

This Court cannot say whether Judge Gaines' rulings were correct or not. That issue can only be decided by a court to whom the conviction has been appealed. Regardless of the merits of Plaintiff's complaints, it is clear that Judge Gaines has immunity, and this Court does not have the power to reverse his findings. For the aforementioned reasons, the Court grants Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (Doc. No. 11). Plaintiff's claims are dismissed without prejudice. This is a final judgment.

Signed this 21st day of August, 2023.

Andrew S. Hanen